## No. 5789.

## RHODA E. WHITE VS. MYRA CLARK GAINES. LOUIS SCHNEIDEP, AND OTHERS, SURETIES ON THE APPEAL BOND.

The whole question respecting the rights of judgment creditors to proceed against sureties on appeal bonds has been lately examined by this court in the case of Whann vs. Irwin, precedently reported. This case is decided according to the doctrine therein laid down.

APPEAL from the Fifth District Court, parish of Orleans. *Cullom, J. R. DeGray, Semmes & Mott,* for plaintiff and appellee. *Finney & Miller* and *J. Q. A. Fellows,* for defendants and appellants.

MORGAN, J. Plaintiff obtained judgment against Mrs. Gaines for thirty thousand dollars, with interest at seven per cent from May 30, 1865, until paid, with the right to take out execution for $20,105, the amount then exigible. The judgment also recognized plaintiff's right of mortgage on property therein described.

From this judgment she took a suspensive appeal, giving as bondsmen J. H. Oglesby, W. S. Pike, Patrick Irwin, and Louis Schneider, each for eight thousand dollars, the condition of the bond being that she, Mrs. Gaines, should prosecute her appeal and satisfy whatever judgment might be rendered against her, or that the same should be satisfied by the proceeds of the sale of her property, real or personal, if she should be cast in the appeal, otherwise her sureties above named to be liable in her place.

The judgment was affirmed. Execution issued thereon. Personal demand was made upon the defendant, who, through her counsel, pointed out the property which was subject to the plaintiff's mortgage under the judgment. The sheriff's return is, after reciting the above facts: "And it appearing from all the circumstances that nothing could be realized toward the satisfaction of this writ, the description of the property being too indefinite to seize and advertise the same for sale, upon the defendant refusing to furnish metes and bounds, other than as contained in the

act of mortgage, I herewith return this writ, nothing made under·this writ toward satisfaction of the same. After due demand made of both parties, I found no other property than that above mentioned."

Therefore plaintiff took a rule on the sureties on the appeal bond to show cause why they should not pay, to the extent of the amount for which they bound themselves, the judgment appealed from. There was judgment against them, and they have appealed.

The defense is:

First—That the judgment can be rendered only for the $20,105 in the aggregate, that being the amount suspended from execution by the appeal.

Second—That the judgment is based upon property recovered by Mrs. Gaines from the estate of Daniel Clark, it being fifteen dollars out of every one hundred dollars found by the courts to have been thus recovered, the judgment also recognizing a mortgage or first lien on all of said property, according to the terms of the mortgage sued on, and that they have the mortgaged property first exhausted.

Third—That the plaintiff has not attempted to have the mortgaged property subject to her mortgage sold, and falsely stated to the sheriff that she knew of no property to be pointed out.

Fourth—That defendant did point out property upon which the judgment recognized a lien.

As to the first objection, it is sufficient to say that the amount of the judgment sought against the defendants is the amount of the judgment rendered· against the party for whom they became sureties, $20,105. As to the second, third, and fourth grounds, they may be considered ·together.

The mortgage upon the property which the plaintiff had did not contain the pact *de non alienando*. It was sold before execution issued, with the exception of two squares, which, the evidence shows, were not only covered with water, but also burdened with taxes to an amount exceeding their value. It would have, therefore, been worse than useless to attempt to sell it, for the purchasers of those lots which had been sold could have prevented its sale by the sheriff, and as to the two lots which were covered with water and taxes, an attempt to sell them would only have resulted in costs.

The whole question respecting the right of judgment creditors to proceed against sureties on appeal bonds has been lately examined by us in the case of Whann vs. Irwin. We think the application which we made of the law there was correct. Under that decision the judgment of the district court in the present case is correct.

Judgment affirmed.

Rehearing refused.